JAENAM J. COE  (SBN #175920)
LAW OFFICES OF JAENAM COE PC

3731 Wilshire Blvd. Suite 910

Los Angeles, CA  90010

Telephone:  213-389-1400

Telefax:     213-387-8778


Proposed Attorney for and Debtor in Possession
CURIOUS APPAREL, INC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA: LOS ANGELES DIVISION**

| | |
|---|---|
| In Re:<br><br>CURIOUS APPAREL, INC<br><br>                        Debtor, | Case No. 2:19-bk-24531SK<br>Chapter 11 Case<br><br>**CHAPTER 11 CASE STATUS REPORT; DECLARATION OF GEUN HYUK CHOI IN SUPPORT THEREOF**<br><br><u>Hearing:</u><br>Date: February 5, 2020<br>Time: 9:00 AM<br>Ctrm: 1575<br>Place: Royal Federal Building<br>255 E. Temple Street, 15th Floor<br>Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY**

**JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED**

- 1 -

**CREDITORS, TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THIS CASE:**

Curious Apparel, Inc., a California corporation and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this status report ("Status Report") in compliance with this Court's Order: (1) Setting Status Conference; (2) Requiring Debtor To Appear And File Report Re: Status Of Reorganization And To File Updated Status Reports; (3) Requiring Debtor's Counsel To Appear At All Hearings In The Case; (4) Giving Notice Of Probable Use Of Court-Appointed Expert For Contested Valuation Requests; (5) Mandating Use Of Specific Forms By Non-Individual And Individual Debtors; And (6) Establishing Procedure For Motion For Order Approving Adequacy Of Disclosure Statement; And Motion For Order Confirming Plan; (7) Re: Duty Of Care Regarding Schedules And Statements Filed By The Debtor [Doc. No. 14] (the "Scheduling Order") and in advance of the Chapter 11 status conference scheduled on February 5, 2020.

## I . INTRODUCTION

The Debtor filed voluntary petitions for relief under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on December 12, 2019 (the "Petition Date"). The Debtor is continuing to manage its financial affairs and operate its bankruptcy estates as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Curious Apparel Inc. ("CAI").

The Debtor filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on December 12, 2019 (the "Petition Date"). Debtor is continuing to manage its financial affairs. Curious Apparel, Inc. ("CAI") was formed in 2017.  CAI operates a wholesale garment distribution business concentrating on young ladies apparel in the City of Los Angeles, California. The Debtor's warehouse is located at 1901 East 55th Street, Vernon, California 90058.

CAI's bankruptcy filing was necessitated primarily due to the recent fire at the former warehouse of the debtor in 2019, and the ensuing taking of the insurance proceeds and inventory

by a creditor. The insurance proceeds in the sum of $3,430,300.20 and inventory of the debtor, were taken by a creditor, A Plus Fabrics, Inc,, within 90 days of petition date, on or about September 16, 2019.   As the assets taken by the particular creditor, A Plus, Inc., was in violation of the Debtor's rights and constituted a preferential transfer, Debtor received notices from creditors to file an involuntary bankruptcy petition if a voluntary petition was not filed before the lapse of the preferential period. In connection with the operation of its business, the Debtor used have employees of approximately 11 individuals.  After the taking of inventory, debtor has two employees and is mainly working as "drop ship" operation.

The debtor's assets so taken and continue being held against the automatic stay, are essential for the debtor's successful reorganization but also will possibly satisfy all of the debtor's obligations.  Debtor has agreed with the law firm of Weiland, Golden Goodrich LLP, which firm represents one of the unsecured creditors, Neman Brothers & Associates, Inc., to prosecute these avoidance actions against A Plus Fabrics, inc.

## II. INFORMATION REQUIRED BY THE SCHEDULING ORDER

A.  Estimated Timing For Filing Of Disclosure Statement Motion And Plan Confirmation Motion. Although the Debtor hopes to formulate its exit strategy and file a plan of reorganization and disclosure statement (with an appropriate motion for approval thereof) within its current plan filing exclusivity period (i.e., by April 12, 2020), in the event that the Debtor determines it requires additional time, the Debtor will file a motion seeking the entry of a Court order extending the exclusivity periods for the Debtor to file and solicit a plan of reorganization pursuant to 11 U.S.C. § 1121(d). Based on the foregoing, the Debtor respectfully requests that the Court not set deadlines for the filing of a disclosure statement and plan of reorganization (and the motions for approval and confirmation thereof) at this time, or alternatively, requests that the Court establish deadlines for doing so no earlier than September 10, 2020.

B. Deadlines For Filing Proofs Of Claim And Hearings On Objections To Claims. The Debtor respectfully requests that the Court establish a deadline for creditors to file proofs of claim in the Debtor's bankruptcy case ("Claims Bar Date") so that the Debtor may understand the total

amount and types of claims that its creditors are asserting, which claims will ultimately need to be accounted for in any plan of reorganization formulated and filed by the Debtor in this case. The Debtor requests that the Court establish April 6, 2020 as the Claims Bar Date in this case so that the Debtor may provide at least sixty (60) days' written notice of the Claims Bar Date to all creditors and parties in interest. The Debtor will provide written notice of the Claims Bar Date within two days after the Chapter 11 status conference scheduled on February 5, 2020 (i.e., by February 7, 2020) to ensure that the notice of the Claims Bar Date is provided with at least 60 days' notice to all creditors and parties in interest. The Debtor anticipates that its plan of reorganization will provide for a deadline by which objections to claims must be filed and, therefore, requests that the Court not establish a deadline for filing objections to claims at this time. However, if the Court requires that such a deadline be set now, the Debtor respectfully requests that the deadline be set at least four (4) months after the Claims Bar Date.

C. Debtor's Compliance With Duties Under 11 U.S.C. §§ 521, 1106 and 1107. The Debtor believes that it is in compliance with all applicable requirements under 11 U.S.C. §§ 521, 1106, and 1107. The Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs with its Voluntary Petition on the Petition Date (i.e., December 12, 2019). In addition, on or about December 20, 2019, the Debtor filed its initial 7-Day Package with the Office of the United States Trustee (the "OUST"). On January 8, 2020, the Debtor attended the Initial Debtor Interview conducted by the OUST. On January 13, 2020, the Debtor attended its Section 341(a) meeting of creditors. As noted above, the Debtor filed its bankruptcy case on December 12, 2019. Therefore, the Debtor will need to prepare and file a Monthly Operating Report for the period in December, 2019 that it was in bankruptcy (i.e., December 12-31, 2019). The Debtor is in the process of preparing its first Monthly Operating Report, for the period of December 12-31, 2019, and anticipates filing such report shortly. The Debtor also anticipates filing its Monthly Operating Report for the month of January, 2020 on a timely basis.

D. Status Of Debtor's Post-Petition Operations, Cash Collateral Use, Litigation Matters And Reorganization Efforts. Since the Petition Date, the Debtor has continued operating its business

in the normal course. Debtor is in negotiation with the factor, Prime Business Credit, Inc., who has security interest in the debtor's accounts receivables, for cash collateral stipulation and motion. The discussion is nearing completion and Debtor will file appropriate motion for use of the cash collateral to continue operation.

E. Electronic Filing Of Documents By Debtor's Counsel. The Debtor's bankruptcy counsel, Law Offices of Jaenam Coe PC ("LOJCPC"), has been and will continue to be filing documents in the Debtor's bankruptcy case electronically via CM/ECF.

F. Employment Of Professionals By Debtor By Debtor And Status Of Court Approval Of Such Employment; Budget Of Estimated Professional Fees And Expenses.

On December 13, 2019, the Debtor filed application to employ LOJCPC as their bankruptcy counsel.[Doc 5] The Court entered an order approving the application filed jointly by the Debtor and to employ LOJCPC as its bankruptcy counsel on January 14, 2020. [Doc 24] At this early juncture in the Debtor's bankruptcy case, the Debtor cannot accurately estimate the fees and expenses that will be incurred by LOJCPC during the course of the Debtor's bankruptcy case as the amount of fees and expenses that are ultimately incurred will be largely dependent on, among other factors, (i) whether A Plus will litigate the preference action and its violation of automatic stay, (ii) whether there is any objection to the Debtor's requests to use cash collateral during the case, (iii) whether there are any filed proofs of claim which Debtor determines are objectionable, (iv) the extent to which LOJCPC will need to assist the Debtor in the formation of a feasible plan of reorganization, and (v) whether there is any objection to the disclosure statement and/or objection to confirmation of the plan of reorganization ultimately proposed by the Debtor in its case.

     Debtor has agreed with the law firm of Weiland, Golden Goodrich LLP, which firm represents one of the unsecured creditors, Neman Brothers & Associates, Inc., to prosecute these

avoidance actions against A Plus Fabrics, Inc., which motion for approval of this Court will be filed shortly. Jeffrey Golden, Esq. of the law firm will head the litigation.

Besides the debtor's counsel, Law Offices of Jaenam Coe PC, Debtor is filing an employment application for its accountant firm, JC & Associates, to prepare and file its tax documents. The Debtor does not intend to employ any other professionals at this time. However, should the foregoing change, the Debtor will promptly file applications to employ such professionals with the Court.

Dated: January 17, 2020                    LAW OFFICES OF JAENAM COE PC

BY: _____
                    Jaenam Coe

## DECLARATION OF GEUN HYUK CHOI

I, Geun Hyuk Choi, hereby declare as follows:

1. I am over 18 years of age. I am the President of Curious Apparel, Inc., a California limited liability company and the debtor and debtor-in-possession herein (the "Debtor"), and therefore am familiar with the business operations and financial records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I have access to the Debtor's books and records. As the president of the Debtor, I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3. I make this declaration in support of the Debtor's status report (the "Status Report") to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

4. The Debtor filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on December 12, 2019 (the "Petition Date"). Debtor is continuing to manage its financial affairs

5. Curious Apparel, Inc. ("CAI") began its business in 2017 and I have served as a shareholder and president of CAI since April of 2019.

6. CAI operates a wholesale garment distribution business concentrating on young ladies apparel in the City of Los Angeles, California.

7. The Debtor's warehouse is located at 1901 East 55th Street, Vernon, California 90058. In connection with the operation of its business, the Debtor used have employees of approximately 11 individuals.

8.	CAI's bankruptcy filing was necessitated primarily due to the recent fire at the former warehouse of the debtor in 2019, and the ensuing taking of the insurance proceeds and inventory by a creditor.

9.	The insurance proceeds in the sum of $3,430,300.20 and inventory of the debtor, were taken by a creditor, A Plus Fabrics, Inc,, within 90 days of petition date, on or about September 16, 2019. After the taking of inventory, debtor has two employees, myself and Stephen Jung, who is the manager and a major shareholder, and the debtor is operating its business as "drop ship" operation.

10.	As the assets taken by the particular creditor, A Plus, Inc., was in violation of the Debtor's rights and, more importantly, a preferential transfer, Debtor received notices from creditors to file an involuntary bankruptcy petition if a voluntary petition was not filed before the lapse of the preferential period.

11.	The debtor's assets so taken and continue being held against the automatic stay, are essential for the debtor's successful reorganization but also will possibly satisfy all of the debtor's obligations. Jeffery Golden, Esq. of the law firm of Weiland, Golden Goodrich LLP ("WGGL Firm"), which firm represents one of the unsecured creditors, Neman Brothers & Associates, Inc., has offered to, and debtor agreed to allow WGGL Firm, to prosecute these avoidance actions against A Plus Fabrics, Inc., motion for approval of which agreement is being filed with the court shortly, I understand.

12.	Although the Debtor hopes to formulate its exit strategy and file a plan of reorganization and disclosure statement (with an appropriate motion for approval thereof) within its current plan filing exclusivity period (which I am advised and believe expires on April 12, 2020), in the event that the Debtor determines it requires additional time, the Debtor will file a motion seeking the entry of a Court order extending the exclusivity periods for the Debtor to file and solicit a plan of reorganization.

13.	Based on the foregoing, I respectfully request that the Court not set deadlines for the filing of a disclosure statement and plan of reorganization (and the motions for approval and

confirmation thereof) in the Debtor's case at this time, or alternatively, I request that the Court establish deadlines for doing so no earlier than September 10, 2020.

14. I believe it is important to establish a deadline for creditors to file proofs of claim in the Debtor's bankruptcy case ("Claims Bar Date") so that the Debtor may understand the total amount and types of claims that its creditors are asserting, which claims will ultimately need to be accounted for in any plan of reorganization formulated and filed by the Debtor in its case. I request that the Court establish April 6, 2020 as the Claims Bar Date in this case so that the Debtor and its counsel may provide at least sixty (60) days' written notice of the Claims Bar Date to all creditors and parties in interest. The Debtor and its counsel will provide written notice of the Claims Bar Date within two days after the Chapter 11 status conference scheduled on February 5, 2020 (i.e., by February 7, 2020) to ensure that the notice of the Claims Bar Date is provided with at least 60 days' notice to all creditors and parties in interest.

15. I anticipate that the Debtor's plan of reorganization will provide for a deadline by which objections to claims must be filed and, therefore, I request that the Court not establish a deadline for filing objections to claims in the Debtor's case at this time. However, if the Court requires that such a deadline be set now, I respectfully request that the deadline be set at least four (4) months after the Claims Bar Date.

16. To the best of my knowledge, theDebtor is in compliance with all applicable requirements under the Bankruptcy Code. The Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs with its Voluntary Petition on the Petition Date. In addition, on or about December 20, 2019, the Debtor filed its initial 7-Day Package with the Office of the United States Trustee (the "OUST"). On or about December 24, 2019 and January 9, 2020, the Debtor filed supplements to its 7-Day Package with the OUST to include additional required documents information.

17. On January 8, 2020, Stephen Jung, our manager and a major shareholder, attended the Initial Debtor Interview conducted by the OUST on behalf of the Debtor. On January 13, 2020, Stephen Jung also attended the Section 341(a) meeting of creditors conducted by the OUST on behalf of the Debtor.

18. The Debtor is in the process of preparing its first Monthly Operating Report, for the post-petition period of December 31, 2019, and I anticipate that such Monthly Operating Report will be filed very shortly. I also anticipate that the Debtor will be filing its Monthly Operating Report for the month of January, 2020 on a timely basis.

19. Since the Petition Date, the Debtor has continued operating its business in the normal course.

20. Debtor is in negotiation with the factor, Prime Business Credit, Inc., who has security interest in the debtor's accounts receivables, for cash collateral stipulation and motion. The discussion is nearing completion and Debtor will file appropriate motion for use of the cash collateral to continue operation.

21. I understand and believe that the Debtor's bankruptcy counsel, Law Offices of Jaenam Coe PC ("LOJCPC") will be filing documents in the Debtor's bankruptcy case electronically via CM/ECF.

22. I understand that, on December 13, 2019, the Debtor filed an application to employ LOJCPC as its bankruptcy counsel. I am advised and believe that the Court entered an order approving such application on January 14, 2020.

23. At this juncture in the Debtor's bankruptcy case, I cannot accurately estimate the fees and expenses that will be incurred by LOJCPC during the course of the Debtor's case as the amount of fees and expenses that are ultimately incurred will be largely dependent on, among other factors, (i)whether A Plus will litigate the preference action and its violation of automatic stay, (ii) whether there is any objection to the Debtor's requests to use cash collateral during the case, (iii) whether there are any filed proofs of claim which Debtor determines are objectionable, (iv) the extent to which LOJCPC will need to assist the Debtor in the formation of a feasible plan of reorganization, and (v) whether there is any objection to the disclosure statement and/or objection to confirmation of the plan of reorganization ultimately proposed by the Debtor in its case.

24. Besides the debtor's counsel, Law Offices of Jaenam Coe PC, Debtor is filing an employment application for its accountant firm, JC & Associates, to prepare and file its tax

documents. Debtor does not intend to employ any other professional at this time. However, should the foregoing change, the Debtor will promptly file applications to employ such professionals with the Court.

I declare and very under penalty of perjury under the laws fo the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of January 2020, at Los Angeles, California.

_____
Geun Hyuk Choi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3731 Wilshire Blvd. Suite 910, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*):
CHAPTER 11 STATUS REPORT; DECLARATION OF GEUN HYUK CHOI
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/17/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Beth Gaschen on behalf of Interested Party Courtesy NEF bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Jaenam J Coe on behalf of Debtor CURIOUS APPAREL coelaw@gmail.com Jeffrey I Golden on behalf of Interested Party Courtesy NEF jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com Ron Maroko on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov Ryan W Beall on behalf of Interested Party Courtesy NEF rbeall@lwgfllp.com, rosales@wgllp.com;kadele@wgllp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/06/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy
Honorable Sandra Klein  United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/17/2020 | Jaenam Coe | /s/ Jaenam Coe |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

A Plus Fabrics, Inc  
3040 E. 12Th  
Los Angeles, CA 90023

CURIOUS APPAREL  
1702 S. Hooper Ave  
Los Angeles, CA 90021

Stephen Jung  
1901 E 55th Street  
Los Angeles, CA 90058

Neman Brothers & Associates, Inc.  
1525 S Broadway  
Los Angeles, CA 90015

Prime Business Credit, Inc  
1016 Towne Ave  
Los Angeles, CA 90021

S & J Apparel, Inc.  
1901 East 55th Street  
Los Angeles, CA 90058

Day Trippin  
194 E Jefferson Blvd.  
Los Angeles, CA 90011